Entered on Docket
July 27, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: July 27, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    Case No. 10-42426 EDJ
                                         Chapter 7
DAVID HUETE,

                  Debtor.   /

RAYLENE HUETE,                           Adv. No. 10-04137 AJ

                  Plaintiff,
vs.

DAVID HUETE,

                  Defendant. /

MEMORANDUM

    The above-captioned adversary proceeding came on for status conference July 26, 2010. Both parties appeared, without counsel. Plaintiff Raylene Huete ("Raylene") contends that David Huete, the above-named debtor ("David"), owes her a property equalization payment by virtue of certain orders entered by the Contra Costa Superior Court in Case No. D01-03339 entitled <u>Huete v. Huete</u>. By this adversary proceeding, she requests this court to liquidate the

Memorandum

amount of such property equalization payment, and to determine that the resulting debt is nondischargeable herein pursuant to Bankruptcy Code § 523(a)(15).[1]

David contends that property settlement debts of the type that are at issue herein are dischargeable, citing Marriage of Lynn, 101 Cal. App. 4th 120, 123 Cal. Rptr. 2d 611 (2002).

The language in Lynn upon which David relies is outdated. Since the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), effective October 17, 2005, most non-support debts (as well as most support debts, see Bankruptcy Code § 523(a)(5)) incurred in connection with a divorce proceeding are not dischargeable in a bankruptcy case. Bankruptcy Code § 523(a)(15).

As to the appropriate forum, since the enactment of BAPCPA, the bankruptcy court and any non-bankruptcy forum of competent jurisdiction exercize concurrent jurisdiction as to actions grounded

---

[1] Bankruptcy Code § 523(a)(15), in effect for bankruptcy cases filed on or after October 17, 2005, provides:
(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
. . .
(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Memorandum 2

on Bankruptcy Code § 523(a)(15).  Bankruptcy Code § 523(c); 28 U.S.C. § 1334(b).

Here, the court believes that this matter is best heard by the Contra Costa Superior Court, State of California.  This is so because state law issues predominate.  Also, the nature and extent of prior rulings by the Contra Costa Superior Court may be at issue.  The outcome will not impact the administration of David's bankruptcy estate, nor will such administration be delayed by this court's deferral to the Superior Court.  See In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

Accordingly, this court will issue its order abstaining from hearing this adversary proceeding, and vacating the automatic stay to permit Raylene to seek relief in the Superior Court.

*** END OF MEMORANDUM ***

Memorandum 3

COURT SERVICE LIST

Raylene Huete
32312 Deborah Dr.
Union City, CA 94587

David Alonzo Huete
409 13th St. 10th Floor
Oakland, CA 94612

Memorandum 4